IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KENNETH CRAIN                                                                    PETITIONER

v.                      NO. 5:13-cv-00341 DPM/HDY

RAY HOBBS, Director of the                          RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

-1-

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

In 2010, petitioner Kenneth Crain ("Crain") and a co-defendant were convicted in an Arkansas state trial court of aggravated robbery and theft of property and sentenced to enhanced terms of imprisonment in the custody of respondent Ray Hobbs ("Hobbs"). Crain and his co-defendant appealed their convictions to the Arkansas Court of Appeals and advanced the following claims: (1) "the trial court abused its discretion by restricting their voir dire of jurors," and (2) the trial court erred by denying their motion to dismiss the firearm-enhancement charge. See Scott and Crain v. State, 2011 Ark.App. 296, 2011 WL 1495996 at 1 (Ark. 2011). The state Court of Appeals found no reversible error and affirmed their convictions. See Id.[1]

In 2011, Crain filed a state trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 and advanced the following claims: (1) the prosecuting attorney engaged in misconduct because he "struck down the black lady on the jury on purpose for reasons unknown," (2) Crain was denied a fair and impartial trial because "[he] wanted to be tried alone [and] not with a co-defendant … no one could prove [Crain] knew" and because [he] did not want to be judged by [an] older crowd of all white jurors," and (3) he was denied due process because his attorney was unable to complete voir dire. See Document 8, Exhibit 6 at 4. In addition, he alleged the following:

---

[1] Crain then filed a petition for review with the Arkansas Supreme Court, but his petition was denied. See Document 8, Exhibit 5.

> The Judge did not let me complete the voir dire process. I was not convicted by a jury of my peers. The black lady on the jury was struck down by prosecutors on purpose. Lonoke is 25% black and 69% white. 25% of 12 is 3 so there should at least [have] been that many blacks in the jury. Juror #9 was falling asleep during [the] trial. I told my public defender, and all he said was okay and said nothing else about it. No evidence link[ed] me to the crime, just word of mouth. My public defender did not attack the credibility of the lead detective. My public defender did not fight to get me tried alone. The lead detective has a history of falsifying reports. My lawyer should have acquired this information.

See Document 8, Exhibit 6 at 3. The state trial court judge denied the petition. Crain maintains that he was not provided with a copy of the order denying his petition until after the deadline for appealing the denial of his petition. He maintains that as a result, he missed the deadline for appealing the denial of his petition. He did, though, file a motion for leave to file a belated appeal. The Arkansas Supreme Court denied the motion, finding that it was "clear … [he] could not prevail on appeal." See Crain v. State, 2012 Ark. 412, 2012 WL 5378266 at 1 (Ark.S.Ct. 2012).

In 2013, Crain commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he advanced the following claims: (1) his trial attorney was ineffective because counsel failed to seek a severance and failed to impeach the testimony of the lead detective, (2) the prosecuting attorney engaged in misconduct because he knowingly struck African-Americans from the jury panel, (3) Crain was denied a fair and impartial trial for the reasons outlined in claims one and two, and (4) he was denied due process because the state trial court judge did not conduct a fair and impartial voir dire examination.

Hobbs responded to the petition by asking that it be dismissed. He so maintained for the following reasons: (1) Crain's first claim was addressed by the state Supreme Court, and he cannot show that the state courts' adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented; (2) his second claim is procedurally barred from federal court review; (3) his third claim is without merit; and (4) his last claim was not preserved for review in a habeas corpus proceeding.

Before giving Hobbs' assertions serious consideration, the undersigned accorded Crain an opportunity to submit a reply. The time for doing so has now passed, and he did not file a reply.

The undersigned has thoroughly reviewed the parties' submissions, one of which is a copy of the state trial court transcript. For the reasons that follow, the undersigned recommends that Crain's petition be dismissed. The undersigned additionally recommends that all requested relief be denied, judgment be entered for Hobbs, and a certificate of appealability be denied.

Crain first maintains that his trial attorney provided ineffective representation. Crain so alleges for two reasons: first, counsel failed to seek a severance, which caused Crain to be tried with a co-defendant; and second, counsel failed to impeach the testimony of the lead detective despite there allegedly being evidence the detective "had a history of filing false reports ..." See Document 2 at 4.

Crain raised both allegations of alleged ineffective assistance of counsel in his motion for belated appeal. See Crain v. State, 2012 WL 5378266 at 1. The state Supreme Court addressed the allegations on the merits but made almost no findings of fact in doing so. The state Supreme Court simply concluded that his "unsubstantiated allegations clearly [fall] short of establishing that he was denied effective assistance of counsel at trial …" See Id. at 2.

The disposition of Crain's claim is governed by Strickland v. Washington, 466 U.S. 668 (1984). It requires the petitioner to make the following two-part showing: first, that counsel's representation fell below an objective standard of reasonableness, and second, the error was prejudicial.

Hobbs asks that 28 U.S.C. 2254(d) also be applied, thereby giving rise to a "doubly deferential standard of review." See Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012) (internal quotation and citation omitted). 28 U.S.C. 2254(d) requires a two-part inquiry. First, it requires an inquiry into whether the state court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Second, 28 U.S.C. 2254(d) requires an inquiry into whether the state court's adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. The undersigned will apply 28 U.S.C. 2254(d), but it is again worth noting that the state Supreme Court made almost no findings of fact in addressing Crain's challenges to his attorney's representation. See Crain v. State, 2012 WL 5378266 at 2.

With regard to Crain's first allegation of alleged ineffectiveness, that being, counsel failed to seek a severance, Crain cannot show that the state Supreme Court's adjudication of the allegation resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. In addressing the allegation, the state Supreme Court applied clearly established federal law, and the state Supreme Court's decision was neither contrary to nor did it involve an unreasonable application of that law. Although the state Supreme Court made almost no findings of fact in addressing the allegation, the record supports the appellate court's decision for at least two reasons. First, Crain cannot show that his attorney committed error by failing to request a severance as there is nothing in the record to support such a request. Although Crain did not testify, see Transcript at 471, there is no evidence his defense was antagonistic with that offered by his co-defendant.[2] To the contrary, their defenses appear to have been consistent, namely, that neither of them committed the offenses. See Transcript at 428-469, 513-525. There is also no evidence that Crain's co-defendant deprived Crain of peremptory challenges. Second, Crain can show no prejudice. Specifically, he cannot show that had counsel sought and obtained a severance, the outcome of the trial would have been different.

---

[2] In McDaniel v. State, 278 Ark. 631, 648 S.W.2d 57 (1983), the state Supreme Court identified several factors favoring a severance, factors that include the following: where defense are antagonistic, where there is a lack of substantial evidence implicating one defendant except for the accusation of the other defendant, and where one defendant could have deprived the other of all peremptory challenges.

With regard to Crain's second allegation of alleged ineffectiveness, that being, counsel failed to impeach the testimony of the lead detective regarding his alleged history of filing false reports, Crain cannot show that the state Supreme Court's adjudication of the allegation resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. In addressing the allegation, the state Supreme Court applied clearly established federal law, and the state Supreme Court's decision was neither contrary to nor did it involve an unreasonable application of that law. Although the state Supreme Court made almost no findings of fact in addressing the allegation, the record supports the appellate court's decision for at least two reasons. First, Crain cannot show his attorney committed error by failing to vigorously cross-examine Sergeant Randy Wayne Mauk ("Mauk") about his alleged history of filing false reports.[3] It is true that counsel's cross-examination of Mauk was brief, see Transcript at 415, but Crain has offered no evidence that counsel could have used to cross-examine Mauk regarding the filing of false reports. Second, Crain can show no prejudice. Specifically, he cannot show that had counsel vigorously cross-examined Mauk about his alleged history of filing false reports, the outcome of the trial would have been different.

---

[3] Crain failed to identify the lead detective in the criminal investigation. Because Mauk testified that he was assigned to investigate the robbery, see Transcript at 378, the undersigned finds that he was the lead detective.

Crain next maintains that the prosecuting attorney engaged in misconduct. Crain so maintains because the prosecuting attorney allegedly "struck down [an] African-American venire person from the jury panel, which deprived [Crain] of a fair trial by a jury of [his] peers." See Document 2 at 4.

Although Crain did not raise the claim in his direct appeal, he did raise the claim in his motion for belated appeal. The state Supreme Court rejected the claim, though, because it was a "trial error [that should have been] addressed at trial and on direct appeal." See Crain v. State, 2012 WL 5378266 at 1.

Generally, the federal courts will not consider the merits of a petitioner's claim if he was aware of the claim but failed to first present it to the state courts in accordance with the state's procedural rules. See Wainwright v. Sykes, 433 U.S. 72 (1977). The exception to this rule permits the claim to be considered if the petitioner can show cause for his procedural default.

Crain did not present his claim to the state courts in accordance with the state's procedural rules. As the state Supreme Court found, he should have raised the claim at trial and on direct appeal, but he did not. He therefore defaulted the claim, and it is barred from federal court review unless he can show cause for his default.

The undersigned has reviewed Crain's pleadings for some assertion of cause but can find nothing. Specifically, there is no assertion of cause in his petition or any other submission, and he did not accept the invitation to file a reply to Hobbs' assertion of procedural bar.

Notwithstanding the foregoing, the undersigned has considered whether the United States Supreme Court decisions in Martinez v. Ryan, 566 U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and Trevino v. Thaler, — U.S. —, 133 S.Ct. 1911, — L.Ed.2d —, 2013 WL 2300805 (2013), have some application in the case at bar. In those decisions, the Supreme Court held that "a federal habeas court may excuse a procedural default of a substantial ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." See Sasser v. Hobbs, — F.3d —, 2014 WL 1116708 at 1 (8th Cir. 2014). The undersigned finds that the decisions have no application because Crain's claim is not a "substantial ineffective-assistance claim" but one of trial error.

The undersigned has also considered the possibility that Crain is actually innocent. Although not true cause for a procedural default, a showing of actual innocence can serve as a gateway through which a petitioner can obtain federal court review of an otherwise procedurally barred claim. See Schlup v. Delo, 513 U.S. 298 (1995). A showing of actual innocence requires "new evidence of factual innocence." See Niederstadt v. Nixon, 505 F.3d 832, 840 (8th Cir. 2007) (Colloton, J., concurring). A review of the transcript establishes, though, that there is evidence to support his guilt.

In summary, Crain has offered no cause for his procedural default, and Martinez v. Ryan and Trevino v. Thaler have no application in this instance. In addition, he cannot use the Schlup v. Delo gateway to obtain federal court review of the claim. It is therefore procedurally barred from federal court review.

Crain last maintains that he was denied due process. He so maintains because the state trial court judge allegedly did not conduct a fair and impartial voir dire examination, thereby "rushing trial counsel into making bad decisions." See Document 2 at 5.

Crain raised a similar claim on direct appeal. The claim was not, though, couched in terms of a due process challenge; instead, the claim was couched in terms of abuse of discretion. The state Court of Appeals rejected the claim, finding the following:

> ... According to the record of the voir dire proceedings in this case, the trial court initially conducted voir dire of the entire jury panel, then seated twelve jurors and allowed the parties to conduct their own voir dire and to exercise any challenges. [Footnote omitted]. After the third round of voir dire by the parties but prior to their exercise of strikes, the trial court asked counsel to approach, informing them that, "after you've exercised options this time, you may go through one more round and then at that point we'll pretty much be out of what we're doing," and asked that the parties take that into consideration with their current round of challenges. At this point, the parties exercised four more strikes, and after new jurors were called to replace them in the jury box, another round of voir dire commenced. This round was followed by three more strikes, and once these three new jurors were seated, the following exchange occurred:
>
>> The Court: All right. As I previously indicated, at this point we're at the point where this is the jury, okay? So I'll allow counsels here on the record to make any objections that you might have that you didn't exercise any options or any strikes that you may have not done so, but at this point, I'm ready to finish the voir dire process and seat these 12. So any objections from the State?
>>
>> Prosecuting Attorney: None.

>   [The co-defendant's attorney]: Your honor, I would object. I think we're entitled to voir dire the jury in this regard. I thought I was out of strikes. I may only have seven but I thought I was out either way. I voir dire the jury regarding any kind of cause strikes to make sure they're appropriate to be seated, so I would object.
>
>   The Court: Okay. Mr. Lane?
>
>   Crain's Attorney: I object as well, your Honor, for [co-counsel's reasons]. We're entitled to the pain but we've gotta go through the process that he's entitled to it.
>
>   The Court: Objections are noted and overruled because the Court has already exhausted any efforts on cause strikes with the jury prior to the parties individually voir diring the jury. I went through all those cause issues previously and there were no answers to them so this will be the jury. You may return to your seats.
>
>   …
>
>   There was no abuse of discretion by the trial court here. As Rule 32.2 provides, it is the trial court, rather than counsel, that has the right to ask questions of the venire persons, and it is within the trial court's discretion whether to allow additional questions by counsel as the trial court deems reasonable and proper. … The trial court in this case initially conducted an extensive voir dire of the entire panel to establish any bases for potential cause challenges, by introducing the parties, counsel, and witnesses, as well as by outlining the nature of the case. In addition, the trial court explored areas of potential bias by the venire persons, such as any family connection to law enforcement that might sway their perception of witness testimony at trial. The trial court further instructed the entire panel to listen to the voir dire examination of those in the jury box, to make note of any questions to which they would have answered affirmatively, and to raise that issue if they were called to the jury box. The trial court then allowed four rounds of voir dire by counsel before declaring that the jury was set.

> Appellants assert that the trial court's initial voir dire was insufficient to allow them to determine whether to exercise their challenges, whether peremptory or for cause, and that additional voir dire of the three new jurors should have been permitted. Appellants cite <u>Fauna v. State</u>, 265 Ark. 934, 582 S.W.2d 18 (1979), and <u>Griffin v. State</u>, 239 Ark. 431, 389 S.W.2d 900 (1965), as support for their argument. However, these cases are distinguishable from the present case in that both involved restrictions on voir dire as to specific defenses the defendants sought to raise at trial. In <u>Fauna</u>, the supreme court reversed the trial court's limitation on voir dire as to the jurors' attitudes toward the insanity defense, finding that the trial court's preliminary voir dire was insufficient to elicit bases for challenges regarding this specific defense. Similarly, in <u>Griffin</u>, the defendant sought additional voir dire as to the jurors' attitudes toward self-defense, which he was claiming as an affirmative defense to murder charges.
>
> In the present case, appellants did not identify to the trial court any specific area or defense they sought to explore with additional voir dire. Instead, appellants merely assert that further voir dire was essential because their case turned on witness credibility. In <u>Van Cleave v. State</u>, 268 Ark. 514, 598 S.W.2d 65 (1980), the supreme court upheld the trial court's curtailment of voir dire examination, noting that the defense was that of "not guilty" and finding that, had there been a specific defense such as insanity or self-defense presented, the latitude granted during the voir dire examination would have been greater.
>
> In addition, there is also no evidence that appellants had any remaining peremptory challenges. To the contrary, [the co-defendant] admitted to the trial court that he was assuming that he did not have any peremptory strikes left but that he was seeking additional voir dire to examine any bases for cause challenges. The record further shows that Crain did not ask any questions of the jurors during the last round of voir dire permitted by the trial court. As the trial court stated in its ruling, it had thoroughly conducted a voir dire examination of the entire panel and found no basis for excusing a potential juror for cause. Therefore, it was within the trial court's discretion to restrict additional voir dire of the jury in this case, and we find no abuse of that discretion here.

<u>See</u> <u>Crain v. State</u>, 2011 WL at 1495996 at 1-3.

The claim does not warrant relief for two reasons. First, the claim does not have the same legal bases as the claim raised on direct appeal. See Interiano v. Dormire, 471 F.3d 854 (8th Cir. 2006) (claim must rely upon the same factual and legal bases relied upon in state court). The claim at bar is couched in terms of a due process challenge, but the claim on direct appeal was couched in terms of an abuse of discretion.

Second, notwithstanding the foregoing, Crain cannot show that the voir dire process was so gross, conspicuously prejudicial, or otherwise of such magnitude that it fatally infected the trial and failed to afford him the fundamental fairness which is the essence of due process. See Maggitt v. Wyrick, 533 F.2d 383 (8th Cir. 1976). The facts found by the state Court of Appeals need not be recounted a second time, but it is noteworthy that Crain's attorney "did not ask any questions of the jurors during the last round of voir dire …" See Crain v. State, 2011 WL at 1495996 at 3.

Given the foregoing, the undersigned finds that Crain's claims warrant no relief or are otherwise procedurally barred from federal court review.[4] It is therefore recommended that his petition be dismissed, all requested relief be denied, and judgment be entered for Hobbs. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts, a certificate of appealability should also be denied.

---

[4] The undersigned need not address Crain's third claim as it merely relies upon the strength, or lack thereof, of claims one and two.

DATED this ___7___ day of April, 2014.

_____
UNITED STATES MAGISTRATE JUDGE